MORROW, RUSSELL O., Associate Judge.
This is an appeal from a summary judgment entered by the Circuit -Court in favor of the defendant.
The appellant was the plaintiff in the lower court and, by her second amended complaint, sued the defendant for the wrongful taking and conversion of a washing machine and for trespass vi et armis. The defendant denied the allegations of the second amended complaint and pleaded a conditional sales contract as a defense. The defendant moved for summary judgment with supporting affidavit and the plaintiff filed opposing affidavit.
The questions raised are first, was there a genuine issue of any material fact, and second, the jurisdiction of the court. We will reply to the second question first. The alleged value of the sewing machine of $150 together with the alleged damage by trespass as shown in the ad damnum clause of $750, are sufficient to give the lower court jurisdiction. As to the first question, the plaintiff’s complaint alleges the plaintiff to be the owner of the sewing machine, the defendant’s answer denies this and an issue as to ownership is thereby raised. In the plaintiff’s affidavit, there is a statement that the plaintiff purchased the sewing machine in October, 1950, and that on or about February 5, 1955, she requested the defendant to repair the machine. The alleged conditional sales contract is dated February 5, 1955.
If the plaintiff purchased the machine in 1950, and if she were the owner on February 5, 1955, she could not execute a conditional sales contract as purchaser for something she already owned. This raises an additional issue as to what type of instrument the alleged conditional sales contract may be, for example, a contract, a repair bill, or a chattel mortgage; also the validity of the instrument itself. We are reluctant to disagree with the learned trial judge, however, in that there are genuine issues of material facts herein, the summary judgment appealed from is hereby vacated and this cause is remanded for proceedings not inconsistent herewith.
Reversed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.